66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Denvil SPEARS, Petitioner,
v.
BIG BEAR MINING COMPANY; Vision Coal Company; Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 95-1907.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 29, 1995.
Decided: September 20, 1995.
 
 S.F. Raymond Smith, Rundle & Rundle, L.C., Pineville, WV, for Petitioner. John P. Scherer, File, Payne, Scherer & File, Beckley, WV, for Respondents.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Denvil Spears seeks review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1995). Benefits were denied in this case based on the ALJ's determination, affirmed by the Board, that Spears failed to establish the presence of pneumoconiosis. On appeal, Spears contends that this determination was impermissibly made solely on the basis of negative X-ray evidence, in violation of 20 C.F.R. Sec. 718.202(b) (1994). We disagree.
 
 
 2
 The ALJ's opinion reveals that he properly considered all relevant evidence in this case pursuant to 20 C.F.R. Sec. 718.202(a) (1994), including not only X-rays, but the pertinent medical opinions, which were based on a variety of medical data. Moreover, the ALJ properly discredited the only medical opinion evidence tending to support Spears's burden of establishing pneumoconiosis. Although Spears has identified on appeal no error committed by the ALJ in rejecting the report of Dr. Rasmussen or the report of the West Virginia Occupational Pneumoconiosis Board (WVOPB) with respect to their findings of pneumoconiosis, we note that the ALJ properly rejected Dr. Rasmussen's findings on the grounds that they were equivocal and unexplained, and properly rejected the WVOPB report based on its insufficient documentation.
 
 
 3
 Spears's brief also asserts that the ALJ erred by crediting Dr. Zaldivar's report because it too, according to Spears, reaches its conclusions solely on the basis of negative X-rays. We note that even if Dr. Zaldivar's report were rejected, the record contains no credible evidence which can affirmatively establish pneumoconiosis, but further find, in any event, that the ALJ properly credited Dr. Zaldivar's report. Contrary to Spears's contentions, Dr. Zaldivar properly and adequately explains his opinion that the miner's respiratory problems are due to asthma and to emphysema resulting from the miner's lengthy smoking history. His finding of asthma is not only supported by the ventilatory studies of record, but by Spears's own admission that he takes asthma medication. Moreover, while his report finds an obstructive impairment, consistent with smoking, it does not, as Spears avers, premise its conclusions on the view that pneumoconiosis cannot cause impairments or lung disorders which contain an obstructive component.
 
 
 4
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED